### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER ODDO, on behalf of himself and those similarly situated, 326 Eyland Avenue Succasuna, NJ 07876 <br><br> and <br><br> PHILIP BRUCATO, on behalf of himself and those similarly situated, 1201 Schindler Lane Wayne, NJ 07470 <br><br> and <br><br> MICHAEL LENNON, on behalf of himself and those similarly situated, 370 Naughright Road Long Valley, NJ 07853 <br><br> Plaintiffs, <br><br> v. <br><br> BIMBO BAKERIES U.S.A. INC. 255 Business Center Drive Horsham, PA 19044 <br><br> and <br><br> JOHN DOES 1-10 <br><br> Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA <br><br> INDIVIDUAL AND CLASS ACTION FOR VIOLATIONS OF THE NEW JERSEY WAGE AND HOUR LAW <br><br> No. <br><br> **JURY TRIAL DEMANDED** |

### INDIVIDUAL, COLLECTIVE, AND CLASS ACTION CIVIL COMPLAINT

Christopher Oddo, Philip Brucato, and Michael Lennon (hereinafter collectively referred to as "Named Plaintiffs"), on behalf of themselves and those similarly situated, by and through undersigned counsel, hereby complain as follows against Defendants Bimbo Bakeries U.S.A. Inc. and John Does 1-10 (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1.      Named Plaintiffs have initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA") and violations of the New Jersey Wage and Hour Law ("NJWHL").  Named Plaintiffs assert that Defendants failed to pay Named Plaintiffs and those similarly situated proper overtime compensation and failed to implement a system to track the number of hours worked each workweek in violation of the FLSA and the NJWHL.

## JURISDICTION AND VENUE

2.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*.  This Court has supplemental jurisdiction over Named Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

4.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5.      Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Named Plaintiff Christopher Oddo (hereinafter "Named Plaintiff Oddo") is an adult individual with an address as set forth in the above caption.

8.      Named Plaintiff Philip Brucato (hereinafter "Named Plaintiff Brucato") is an adult individual with an address as set forth in the above caption.

9.      Named Plaintiff Michael Lennon (hereinafter "Named Plaintiff Lennon") is an adult individual with an address as set forth in the above caption.

10.     Defendant Bimbo Bakeries U.S.A. Inc. (hereinafter "Defendant Bimbo") is an entity with an address as set forth above operating in New Jersey and many other states.

11.     Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants that resulted in Defendants' failing to pay Named Plaintiffs and those similarly situated proper compensation pursuant to the FLSA and state wage and hour laws.

12.     Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiffs and those similarly situated.

13.     At all times relevant herein, Defendants acted by and though their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     The foregoing paragraphs are incorporated herein as if set forth in full.

15.     Named Plaintiffs bring this action for violations of the FLSA as a nation-wide collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendant Bimbo as Route Sales Representatives or

in similar positions who were subject to Defendants' unlawful pay practices and policies described herein at any point during the three (3) years preceding the date the instant action was initiated (the members of this putative class are referred to as "Collective Plaintiffs").

16.     Named Plaintiffs and Collective Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

17.     There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

18.     Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

19.     Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

20.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

21.     Named Plaintiffs brings their claims asserting violations of the New Jersey Wage and Hour Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and on behalf of all persons presently and formerly employed by Defendants in New Jersey as Route Sales Representatives and/or in similar positions with similar non-exempt duties, and who were subject to Defendants' unlawful pay practices and policies at

any point in the two years preceding the date the instant action was initiated (members of this putative class are referred to as "New Jersey Plaintiffs").

22.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is over forty (40) employees.

23.     Named Plaintiffs' claims are typical of the claims of the putative class members, because Named Plaintiffs, like all New Jersey Plaintiffs, were subject to the same unlawful wage policies and practices of Defendants.

24.     Named Plaintiffs will fairly and adequately protect the interests of the putative class, because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiffs have retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

25.     Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

26.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendants' records.

27.     A class action provides a fair and efficient method for adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual

members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

28.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: (1) whether Defendants failed to pay proper overtime to Named Plaintiffs and New Jersey Plaintiffs for hours worked in excess of 40 per workweek; (2) whether Defendants had any good faith basis to conclude that their failure to pay Named Plaintiffs and New Jersey Plaintiffs at least 1.5 times their regular rate for hours over 40 was legal.

**FACTUAL BACKGROUND**

29.     The foregoing paragraphs are incorporated herein as if set forth in full.

30.     From in or around 1993 through the present, Named Plaintiff Oddo has worked for Defendants as a Route Sales Representative at Defendants' depot in Kearney, New Jersey.

31.     From in or around 1992 through the present, Named Plaintiff Brucato has worked for Defendants as a Route Sales Representative at Defendants' depot in Kearney, New Jersey.

32.     From on or about January 28, 1986 through the present, Named Plaintiff Lennon has worked for Defendants as a Route Sales Representative at Defendants' depot in Wayne, New Jersey.

33.     Named Plaintiffs' primary duties are driving delivery trucks along established routes and delivering and stocking Defendant Bimbo's products at national chain, local chain, and independent retailers.

34.     During at least one workweek within the last three (3) years, Named Plaintiffs worked over 40 hours and also operated a truck weighing 10,000 pounds or less to deliver Defendant Bimbo's products to retailers.

35.     Defendants compensate Named Plaintiff Oddo by paying him a base salary of $110.00 per week plus a 12% commission on proceeds generated from sales to retailers along his delivery route..

36.     Defendants compensate Named Plaintiff Brucato by paying him a base salary of $110.00 per week plus a 12% commission on proceeds generated from sales to retailers along his delivery route.

37.     Defendants compensate Named Plaintiff Lennon by paying him a base salary of $110.00 per week plus a 12% commission on proceeds generated from sales to retailers along his delivery route.

38.     Defendants do not pay Named Plaintiffs any additional compensation for hours worked beyond 40 per workweek.

39.     Named Plaintiffs regularly work over 40 hours per workweek.

40.     Defendants did not require Named Plaintiffs to have prior sales experience when they hired them.

41.     At all times relevant, the amount of sales that Named Plaintiffs made to a retailer along their delivery routes was mainly determined by the volume of the retailer's sales to its customers since Named Plaintiffs' last delivery.

42.     Named Plaintiffs do not have the authority to hire or fire employees of Defendants.

43.     Named Plaintiffs do not have the authority to schedule employees of Defendants.

44.     Named Plaintiffs do not have the authority to make discretionary decisions regarding matters of financial significance of Defendants.

45.     Accordingly, Named Plaintiffs are, within the meaning of the FLSA and the NJWHL, non-exempt employees of Defendants.

46.     Collective Plaintiffs and New Jersey Plaintiffs (hereinafter collectively referred to as "Class Plaintiffs") worked/work for Defendants as Route Sales Representatives.

47.     Class Plaintiffs' primary duties were/are driving delivery trucks along established routes and delivering and stocking Defendant Bimbo' products at national chain, local chain, and independent retailers.

48.     During at least one workweek within the last three (3) years, Collective Plaintiffs worked over 40 hours and also operated a truck weighing 10,000 pounds or less to deliver Defendant Bimbo's products to retailers.

49.     Defendants compensated/compensate Class Plaintiffs by paying them a base salary plus commissions on proceeds generated from sales to retailers along their delivery routes.

50.     Defendants did/do not pay Class Plaintiffs any additional compensation for hours worked beyond 40 per workweek.

51.     Class Plaintiffs regularly worked/work over 40 hours per workweek.

52.     Defendants did not require Class Plaintiffs to have prior sales experience when they hired them.

53.     At all times relevant, the amount of sales that Class Plaintiffs made to a retailer along their delivery routes was mainly determined by the volume of the retailer's sales to its customers since Class Plaintiffs' last delivery.

54.     Class Plaintiffs did/do not have the authority to hire or fire employees of Defendants.

55.     Class Plaintiffs did/do not have the authority to schedule employees of Defendants.

56.     Class Plaintiffs did/do not have the authority to make discretionary decisions regarding matters of financial significance of Defendants.

57.     Accordingly, Class Plaintiffs were/are, within the meaning of the FLSA and the NJWHL, non-exempt hourly employees of Defendants.

58.     Defendants failed/fail to pay Named Plaintiffs and Class Plaintiffs at the rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 hours in a workweek.

59.     Moreover, Defendants failed to implement a system to track the number of hours worked each workweek by Named Plaintiffs and Class Plaintiffs.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiffs and Collective Plaintiffs v. Defendants)**

60.     The foregoing paragraphs are incorporated herein as if set forth in full.

61.     At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the FLSA.

62.     At all times relevant herein, Defendants were and are responsible for paying wages to Named Plaintiffs and Collective Plaintiffs.

63.      At all times relevant herein, Named Plaintiffs and Collective Plaintiffs were and are employed with Defendants as "employees" within the meaning of the FLSA.

64.      Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

65.      Defendants' violations of the FLSA include, but are not limited to, failing to pay Named Plaintiffs and Collective Plaintiffs overtime compensation for hours worked over 40 per workweek.

66.      Defendants' conduct in failing to pay Named Plaintiffs and Collective Plaintiffs properly was and is willful and was and is not based upon any reasonable interpretation of the law.

67.      As a result of Defendants' unlawful conduct, Named Plaintiffs and Collective Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**New Jersey Wage and Hour Law**
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiffs and New Jersey Plaintiffs v. Defendants)**

68.      The foregoing paragraphs are incorporated herein as if set forth in full.

69.      At all times relevant herein, Defendants have and continue to be employers within the meaning of the NJWHL.

70.      At all times relevant herein, Defendants were/are responsible for paying wages to Named Plaintiffs and New Jersey Plaintiffs.

71.      At all times relevant herein, Named Plaintiffs and New Jersey Plaintiffs were/are employed with Defendants as an "employees" within the meaning of the NJWHL.

72.      Defendants' conduct in failing to pay Named Plaintiffs and New Jersey Plaintiffs overtime compensation for all hours worked beyond 40 per workweek violated the NJWHL.

10

73.     As a result of Defendants' unlawful conduct, Named Plaintiffs and New Jersey Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs and Class Plaintiffs pray that this Court enters an Order providing that:

(1)     Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal and state wage and hour laws;

(2)     Defendants are to compensate, reimburse, and make Named Plaintiffs and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

(3)     Named Plaintiffs and Collective Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(4)     Named Plaintiffs and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5)     Named Plaintiffs and Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

*/s Matthew D. Miller*
Matthew D. Miller, Esq.
Joshua S. Boyette, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: July 13, 2016

## DEMAND TO PRESERVE EVIDENCE

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiffs' and Class Plaintiffs' employment, to Named Plaintiffs' and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.